UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

STEPHANIE JONES,

        Plaintiff,

   v.

JOB AND FAMILY SERVICES,

        Defendant.

Case No. 1:16-cv-1112

Barrett, J.
Bowman, M.J.

**REPORT AND RECOMMENDATION**

On November 30, 2016, Plaintiff filed a motion seeking leave to file a complaint in this Court *in forma pauperis*, or without payment of fees.  (Doc. 1).  Attached to Plaintiff's motion is a copy of her complaint.  (Doc. 1-1).  The undersigned now recommends that Plaintiff's complaint be dismissed, for lack of jurisdiction and failure to state a claim.

**I. General Screening Authority**

By separate Order issued this date, Plaintiff has been granted leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915.  The complaint itself is now before the Court for a *sua sponte* review to determine whether the complaint, or any portion of it, should be dismissed because it is frivolous, malicious, fails to state a claim upon which relief may be granted or seeks monetary relief from a defendant who is immune from such relief.  *See* 28 U.S.C. § 1915(e)(2)(B).

Congress has authorized federal courts to dismiss an *in forma pauperis* complaint if satisfied that the action is frivolous or malicious. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992); *see also* 28 U.S.C. § 1915(e)(2)(B)(i). A complaint may be dismissed as frivolous when the plaintiff cannot make any claim with a rational or arguable basis in fact or law. *Neitzke v. Williams*, 490 U.S. 319, 328-29 (1989); *see also Lawler v. Marshall*, 898 F.2d 1196, 1198 (6th Cir. 1990). An action has no arguable legal basis when the defendant is immune from suit or when plaintiff claims a violation of a legal interest which clearly does not exist. *Neitzke*, 490 U.S. at 327. An action has no arguable factual basis when the allegations are delusional or rise to the level of the irrational or "wholly incredible." *Denton,* 504 U.S. at 32; *Lawler,* 898 F.2d at 1199. The Court need not accept as true factual allegations that are "fantastic or delusional" in reviewing a complaint for frivolousness. *Hill v. Lappin*, 630 F.3d 468, 471 (6th Cir. 2010) (quoting *Neitzke*, 490 U.S. at 328).

Congress has also authorized the *sua sponte* dismissal of complaints which fail to state a claim upon which relief may be granted. *See* 28 U.S.C. § 1915 (e)(2)(B)(ii). Although a plaintiff's *pro se* complaint must be "liberally construed" and "held to less stringent standards than formal pleadings drafted by lawyers," the complaint must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (*per curiam*) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976), and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal citation and quotation omitted)). The complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly,* 550 U.S. at 570); *see also Hill v.*

2

*Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010)("dismissal standard articulated in *Iqbal* and *Twombly* governs dismissals for failure to state a claim" under §§ 1915(e)(2)(B)(ii) and 1915A(b)(1)).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556).  The Court must accept all well-pleaded factual allegations as true, but need not "accept as true a legal conclusion couched as a factual allegation."  *Twombly*, 550 U.S. at 555 (quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986)).  Although a complaint need not contain "detailed factual allegations," it must provide "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555).  A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. Nor does a complaint suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement."  *Id*. at 557.

**II.  Allegations Of Complaint (Doc. 1-1)**

Plaintiff has named a single Defendant, identified as Job and Family Services or "JFS."  Plaintiff alleges that she is the parent of two minor children who were placed in a "safety plan through JFS following a call to 241-KIDS with false allegations…."  Plaintiff alleges that even though JFS learned that the allegations were false, JFS did not return Plaintiff's children to her home and failed to investigate in a timely manner, instead extending the "safety plan" to 90 days.  Plaintiff alleges that her children missed school, that she lost her job, and that both she and her children suffered emotional distress.

3

Plaintiff states that she "returned my children home after no communication from JFS to get them in school," but that "JFS filed a[n] emergency hearing based on lies and was granted custody refusing to let my children come home." She alleges that she has been "taunted" and "harassed" because of the Defendant's actions, and that her name and reputation have been "slandered." As relief for her claims, Plaintiff seeks the return of her children "immediately" and "JFS to be removed from our lives or to work with my family in our own home." Last, Plaintiff seeks unspecified "financial compensation."

### III. Analysis of Claims

Under relevant screening standards, Plaintiff's complaint should be dismissed with prejudice in its entirety. The complaint lacks any factual content from which the Court may reasonably infer the basis for federal jurisdiction over any claim that Plaintiff may have against the sole identified Defendant.

The most obvious source of this Court's jurisdiction would be under 28 U.S.C. §1331 (federal question), to the extent that Plaintiff's claims are construed as alleging violation of her constitutional rights under 42 U.S.C. §1983. However, Plaintiff has not stated a viable claim under 42 U.S.C. § 1983 against the Ohio Department of Jobs and Family Services. The Eleventh Amendment prohibits a citizen of a state from suing that state or one of its agencies in federal court unless the state consents to such suit or there is an express statutory waiver of immunity. *Hans v. Louisiana,* 134 U.S. 1 (1890). The State of Ohio has not constitutionally nor statutorily waived its Eleventh Amendment immunity in the federal courts, *see Johns v. Supreme Court of Ohio,* 753 F.2d 524 (6th Cir.1985); *State of Ohio v. Madeline Marie Nursing Homes,* 694 F.2d 499 (6th Cir.1982); *Latham v. Office of Atty. Gen. of State of Ohio,* 395 F.3d 261, 270 (6th

Cir.2005), and Congress did not "explicitly and by clear language" express its intent to "abrogate the Eleventh Amendment immunity of the States" in enacting Section 1983. *See Quern v. Jordan,* 440 U.S. 332, 341-43 (1979). In addition, "[a] state court is not a "person" for the purposes of 42 U.S.C. § 1983 and hence is not subject to lawsuit under that statute." *Mumford v. Basinski,* 105 F.3d 264, 267 (6th Cir.1997). The Ohio Department of Jobs and Family Services is entitled to Eleventh Amendment immunity because it is a state agency. *See Cady v. Arenac County,* 574 F.3d 334, 352 (6th Cir. 2009) (Eleventh Amendment immunity bars § 1983 suits against a state, its agencies, and its officials sued in their official capacities). This Court has also found that HCDJFS is an "arm of the state" entitled to sovereign immunity for purposes of the activities implicated in this action. *Gamble v. Ohio Dep't of Job & Family Servs.*, 1:03-CV-452, 2006 WL 38996 (S.D. Ohio Jan. 5, 2006).

More importantly, Plaintiff's complaint pertains to domestic relations issues, which are within the exclusive jurisdiction of the states and fall outside the scope of federal jurisdiction. In general, Ohio juvenile courts retain exclusive jurisdiction over matters involving child custody and support. More than a century ago, the United States Supreme Court proclaimed that "[t]he whole subject of the domestic relations of husband and wife, parent and child, belongs to the laws of the states and not to the laws of the United States." *In re Burrus,* 136 U.S. 586 (1890). Thus, under the *Burrus* abstention doctrine, federal courts have universally declined to exercise jurisdiction in domestic relations cases in which a complaint contains only conclusory assertions that a plaintiff is entitled to relief because of the state's constitutional violations, where those assertions are "a mere pretense and the suit is actually concerned with domestic

5

relations issues." *Danforth v. Celebrezze,* 76 Fed. App'x 615, 616 (6th Cir. 2002). Although it is possible for federal jurisdiction to attach where a litigant presents an *independent* claim that challenges the constitutionality of a state official's action, *see Pittman v. Cuyahoga County Dep't of Children and Family Servs.,* 241 Fed. App'x 285, 287–290 (6th Cir. 2007), there are no factual allegations that would suggest the existence of any possible basis for the assumption of federal jurisdiction in this case. *Accord, Abessolo v. Smith*, Case No. 1:11-cv-680, 2012 WL 668773 (S.D. Ohio Feb. 29, 2012).

In short, this Court lacks subject matter jurisdiction over Plaintiff's claims because they fall exclusively within the jurisdiction of the state courts. This Court cannot grant the relief Plaintiff seeks—alteration of an existing child custody order. *See generally Elk Grove United School Dist. v. Newdow,* 542 U.S. 1 (2004) (Despite "rare instances in which it is necessary to answer a substantial federal question that transcends or exists apart from the family law issue, ... in general it is appropriate for the federal courts to leave delicate issues of domestic relations to the state courts."); *Ankenbrandt v. Richards,* 504 U.S. 689 (1992) (narrowing the domestic relations exception, but affirming its continuing viability). Therefore, Plaintiff's claims should be dismissed for lack of subject matter jurisdiction. *Wilder v. Swann,* 2011 WL 4860041 *4 (E.D.Tenn. Oct.13, 2011) (dismissing *pro se* plaintiff's civil rights case for lack of subject matter jurisdiction, where it was clear that claims arose solely out of divorce and custody proceedings); *McGhan v. Kalkaska County Dep't of Human Servs.,* 2009 WL 2170151 *9 (W.D.Mich. July 20, 2009) ("the court lacks jurisdiction over any claim by plaintiff that she suffered injuries resulting from the decisions made by Michigan's courts in child

6

custody proceedings.").

In addition, any possible claims arising under state law, including but not limited to Plaintiff's reference to defamation or slander, are subject to dismissal for lack of jurisdiction. When the Eleventh Amendment bars a litigant's federal claims, federal courts will not exercise jurisdiction over pendent state law claims against state officials sued in their official capacities. *See Pennhurst State School & Hosp. v. Halderman* (*Pennhurst II*), 465 U.S. 89, 120 (1984); *Experimental Holdings, Inc. v. Farris*, 503 F.3d 514, 520-21 (6th Cir. 2007). Likewise, a federal court cannot exercise supplemental jurisdiction over the state law claims pursuant to 28 U.S.C. §1367. *See Raygor v. Regents of University of Minn.*, 534 U.S. 533, 540-542 (2002)(discussing limitations of supplemental jurisdiction, additional citations omitted).

### IV. Conclusion and Recommendation

Accordingly, **IT IS RECOMMENDED THAT** Plaintiff's complaint be **DISMISSED** with prejudice pursuant to 28 U.S.C. §1915(e)(2)(B). It is further **RECOMMENDED** that the Court certify pursuant to 28 U.S.C. § 1915(a)(3) that for the foregoing reasons an appeal of any Order adopting this Report and Recommendation would not be taken in good faith, and therefore, deny plaintiff leave to appeal *in forma pauperis*.

    *s/ Stephanie K. Bowman*
Stephanie K. Bowman
United States Magistrate Judge

7

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

STEPHANIE JONES,

        Plaintiff,

   v.

JOB AND FAMILY SERVICES,

        Defendant.

Case No. 1:16-cv-1112

Barrett, J.
Bowman, M.J.

### NOTICE

Pursuant to Fed. R. Civ. P 72(b), any party may serve and file specific, written objections to this Report and Recommendation ("R&R") within **FOURTEEN (14) DAYS** of the filing date of this R&R. That period may be extended further by the Court on timely motion by either side for an extension of time. All objections shall specify the portion(s) of the R&R objected to, and shall be accompanied by a memorandum of law in support of the objections. A party shall respond to an opponent's objections within **FOURTEEN (14) DAYS** after being served with a copy of those objections. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).